[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11860
Non-Argument Calendar

_____

D. C. Docket No. 06-00032-CV-DHB-1

PAMELA GARNETT,

Plaintiff-Appellant,

versus

STATE OF GEORGIA, through its Governor,
Sonny Perdue, that created and operates the
Georgia Department of Human Resources,
All jointly and severally, and in conspiracy with one another,
B. J. WALKER, Commissioner of the Georgia
Department of Human Resources,
ROSA WAYMAN, Office of the Georgia Department
of Human Resources Management & Development,
JANET OLIVIA, Director of the Georgia Department
of Family and Children Services,
STEPHEN LOVE, Deputy Director of the Georgia
Department of Family and Children Services,
sued individually and in their official capacity,
All jointly and severally, and in conspiracy with one another,
et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Georgia
_____
**(August 28, 2007)**

Before BIRCH, CARNES and HILL, Circuit Judges

PER CURIAM:

Pamela Garnett filed a 42 U.S.C. § 1983 action against the State of Georgia, through its Governor, Sonny Perdue (State), the Georgia Department of Human Resources (GDHR), eight individuals, in their official capacities as state employees and as individuals, and John and Jane Doe defendants, whose names and/or identities are not known, jointly and severally, and in conspiracy with one another. In two separate orders issued on the same day, January 3, 2007, the district court granted motions to dismiss filed by the State and the GDHR and the eight individuals.[1] We affirm.

Garnett was an administrative operations manager employed by the Richmond County Department of Family and Children Services (DFCS). She was terminated on March 3, 2004. In her seven-count complaint, Garnett seeks

---

[1] Four months later, and unopposed by the defendants, the district court granted Garnett's motion to amend the two January 3 orders, deeming certification appropriate as "there is no just reason for delay," in that final judgment respecting Garnett and the named defendants would not prejudice any claims against the unknown John and Jane Doe defendants. Fed. R. Civ. P. 54(b).

compensatory and punitive damages, and also asks for injunctive relief to be reinstated in her previous employment position.

In Count I of her complaint, Garnett claims that she was terminated in retaliation for her actions in instituting proceedings related to the enforcement of the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 *et seq.* Count II claims that defendants continued their retaliatory conduct under the FLSA when they failed to rehire her. Counts III, IV and V set forth claims under 42 U.S.C. § 1983 for violations of Garnett's constitutional right of free speech, also claiming that her termination violated substantive and procedural due process rights. Count VI sets forth a claim under 42 U.S.C. § 1985. Count VII alleges a violation of the Georgia Whistle Blower statute, O.C.G.A. § 45-1-4.[2]

We have carefully reviewed the record and the briefs and the arguments of counsel contained therein. The district court correctly analyzed the claims asserted by Garnett and the controlling law in each of its two January 3 orders granting the named defendants' motions to dismiss. Finding no error, the judgment of the district court is

**AFFIRMED.**

---

[2] For purposes of this appeal, Garnett acquiesced in the dismissal of the State. Neither does she challenge the district court's rulings as to her FSLA claims, nor does she dispute that she failed to state a substantive due process claim.